UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **RICHARD W. PORTER, JR.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**STATE OF NEW HAMPSHIRE, et al.,** )<br>)<br>**Defendants.** )<br>) | CIVIL ACTION<br>NO. 23-40157-MRG |

**MEMORANDUM & ORDER**
March 6, 2024

**GUZMAN, D.J.**

Plaintiff Richard W. Porter, Jr., who is proceeding *pro se*, brings this action against the State of New Hampshire, the Town of Candia, the Candia Police Department, and Michael Thompson. Porter is confined at the Worcester Recovery Center and Hospital. The thrust of Porter's claim is that Thompson is wrongfully living in a modular home located at 564 Old Candia Road in Candia, New Hampshire. Porter alleges that he owns the property, and that Thompson's deed for the real estate is "fraudulent." Porter further alleges that town officials are wrongfully allowing Thompson to reside at the property. For the reasons stated below, the Court DISMISSES this action as frivolous. The Court also finds that venue does not exist in the District of Massachusetts.

**I.    Dismissal as Frivolous**

A federal district court has inherent power to dismiss a frivolous action. *See, e.g.*, *Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Budnick v. Doe*, No. 14-1560, 2015 WL 13928988, at *1 (1st Cir. Jan. 6, 2015); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (per curiam); *Brockton Sav. Bank. v. Peat, Marwick,*

*Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985)).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  Rather, in legal parlance, a complaint is "frivolous," if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This is one of the seven cases Porter filed in this Court since October 19, 2023 against Thompson based on claim that Porter is the true owner of 564 Old Candia Road and that Thompson has been occupying the property illegally since 2006.  *See Porter v. Candia Police Dep't*, C.A. No. 23-40143-MRG; *Porter v. Thompson*, C.A. 23-40148-MRG; *Axcella Building Realty Trust v. Thompson*, C.A. 23-40151-MRG; *Porter v Candia Police*, C.A. 23-40152-MRG; *Porter v. Town of Candia*, C.A. No. 23-40014-MRG; *Porter v. Town of Candia*, C.A. No. 24-40016-MRG.[1]  Porter has filed other actions in this Court against individuals that are allegedly wrongfully occupying other properties of which he claims to be the true owner.  *See Porter v. St. Onge*, C.A. No. 23-40149-MRG (concerning 355 Deerfield Rd., Allenstown, NH); *Porter v. D + C Revocable Family Trust.*, CA 23-40170-MRG (same);  *Porter v. Roy*, C.A. No. 24-40008-MRG (concerning 6 Mallard Lane, Londonderry, NH); *Porter v. Morino*, C.A. No. 23-40133-MRG (concerning 17 Babson St., Wakefield, MA & 9 Brentwood Rd., North Reading, MA); *Porter v. Commonwealth*, C.A. 23-40179-MRG (concerning 31 Winston Ave., Wilmington, MA)؛ *Porter v. McDermott*, C.A. No. 24-40013-MRG (260 Grove St., Framingham, MA).

Notably, Porter has alleged that, upon the application of Nancy Morino (who resides at 16 Babson St., Wakefield), in 2017 the Malden District Court issued a harassment prevention

---

[1] The Court takes judicial notice of documents Porter has filed in other proceedings. *See Law Offices of David Efron v. Matthews & Fullmer Law Firm*, 782 F.3d 46, 56 n.7 (1st Cir. 2015).

2

order against a person other than himself named "Richard Porter," and that he has been wrongfully committed based on her false accusations that he violated this abuse prevention order. *See, e.g.*, *Porter v. Commonwealth*, C.A. No. 23-40084-MRG.

Further, on April 17, 2027, after dismissal of his bankruptcy action in the Bankruptcy Court of the District of Massachusetts, Porter filed documents in the closed action in which he sought eviction of individuals living in other New Hampshire properties, claiming that he owned the properties. *See In re Porter*, Bankr. No. 17-10977 (Bankr. D. Mass.) (ECF #19) (referring to 6 Mallard Ln. Londonderry, NH; 38 Ritar Cir. Rd., Northwood NH; 3 Longre Rd., Merrimack, NH). Subsequently, he filed a document in which he alleged that Thompson another individual stole land from him. *Id.* (ECF # 29). Porter includes copies of June 2017 orders of the Rockingham (NH) Superior Court indicating that he has been prohibited from filing a civil complaint against Thompson or the second individual without receiving prior authorization from the court to do so. *Id.*

The Court concludes that the complaint in this action, when viewed in the context of the Porter's above-described litigation history, lacks an arguable basis either in law or in fact. As allowing Porter to amend his complaint would be futile, the Court dismisses this action *sua sponte* as frivolous.

**II.     Improper Venue**

Further, the District of Massachusetts is not the proper venue for this action. The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a). Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or

inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis added). The general venue statute provides that a civil action may be brought in:

> (1) a judicial district in which any *defendant* resides, if *all defendants* are residents of the State in which the district is located; (2) a judicial district in which a s*ubstantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which *any defendant* is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphases added).

The District of Massachusetts is not the proper venue for Porter's claim concerning an alleged interest in real property located in New Hampshire, a person residing on that property, and the conduct of employees of a town in New Hampshire. Subsection of the above statute (1) is inapplicable because there is no suggestion that all the defendants are residents of Massachusetts. Subsection (2) does not support venue in this Court because the events giving rise to Porter's claims did not occur in Massachusetts. Because venue exists in the District of New Hampshire, subsection (3) is irrelevant; further, nothing in the complaint suggests that this Court could exercise personal jurisdiction over any of the defendants.

**III.     Motion for Leave to Proceed *in Forma Pauperis***

Although the information in Porter's motion for leave to proceed *in forma pauperis* suggests that he is unable to prepay the filing fee, the Court declines to adjudicate the motion. It is unclear whether Porter is a "prisoner" within the meaning of the federal *in forma pauperis* statute. This statute's definition of a "prisoner" includes pretrial detainees, *see* 28 U.S.C. § 1915(h), including those who are subject to an order of commitment entered in a criminal action and are not confined in a correctional facility. *Compare Gibson v. City Municipality of New York*, 692 F.3d 198, 202 (2d Cir. 2012) (per curiam) (holding that pretrial detainee confined in a mental hospital pursuant to a temporary order of observation was a "prisoner" for purposes

4

of 28 U.S.C. § 1915(h)) *and Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) (holding that civilly committed person whose criminal proceedings were held in abeyance during treatment for mental illness was a "prisoner") *with Troville v. Venz*, 303 F.3d 1256 (11th Cir. 2002) (holding that civilly committed person, who was not charged with a crime or serving a term of incarceration, was not a "prisoner").  A prisoner seeking leave to proceed without prepayment of the filing fee in a non-habeas action must *ma pauperis* include with his *in forma pauperis* motion a "copy of the trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each [facility] at which the prisoner is or was confined."  28 U.S.C. § 1915(a)(2).[2]

Porter did not file a 6-month institutional account statement with his *in forma pauperis* motion, but it is unclear that he was required to do so.  The Court is aware of a pending state criminal prosecution against Porter, *see Commonwealth v. Porter*, 2350CR000951 (Malden Dist. Ct., Mass.), and Porter has represented that another order for his commitment was issued on October 18, 2023, *see Porter v. Wenzel*, C.A. No. 23-40153-MRG (ECF #1).  However, it is unclear whether his present confinement at Worcester Recovery Center and Hospital is pursuant to an order of commitment issued in the criminal case.  Accordingly, the motion for leave to proceed *in forma pauperis* will be terminated as moot.

---

[2] For Porter's possible benefit, the Court notes other filing fee requirements for litigants who are prisoners within the meaning of the *in forma pauperis* statute.  If a prisoner is allowed to proceed without prepayment of the filing fee in a non-habeas civil action, he must pay the statutory $350 filing fee over time, regardless of the duration or outcome of the lawsuit.  *See* 28 U.S.C. § 1915(b)(1)-(2).  Further, a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," cannot proceed without prepayment of the filing fee unless the allegations in his complaint show he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### IV. Conclusion

For the reasons set forth above, the Court DISMISSES this action as frivolous. Any pending motions shall be terminated as moot. No filing fee is assessed.

By separate order, the Court will warn Porter that his continued filing of repetitive or frivolous actions may result in sanctions.

**So Ordered.**

                                             /s/ Margaret R. Guzman
                                             MARGARET R. GUZMAN
                                             UNITED STATES DISTRICT JUDGE

Dated:  March 6, 2024